IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN WILLIAM VANDERA,

                Plaintiff,
  v.

JONATHAN S. PAWLYK, SGT. TRITT, LT. TRITT,        OPINION & ORDER
SGT. KOOTZ, CO BIKOWSKI, MISS HALPER,
JOHN DOE, JANE DOE, SGT. BULLZACK,               17-cv-15-jdp
CO BEAHM, CO BROCKMAN, CO BUKOWSKI,
RHU SUPERVISOR, RHU PROGRAMS
SUPERVISOR, JOHN DOE, and JANE DOE,

                Defendants.

---

Plaintiff Justin W. VanDera, appearing pro se, is an inmate at the Waupun Correctional Institution. VanDera alleges that prison officials placed him in an observation cell caked with feces, blood, and dirt for about a week, disregarded his statements about having thoughts of self-harm, and failed to do anything to stop him once he began slamming his head into the walls of his cell. VanDera has filed two motions to amend his complaint, a motion to dismiss two of the defendants, and two motions for the court's assistance in recruiting counsel. Defendants have filed a motion for partial summary judgment, seeking to dismiss one of VanDera's claims.

**A. Amended complaint**

    I previously allowed VanDera to proceed on the following sets of claims:

- Eighth Amendment claims against defendants Pawlyk, Beahm, Brockman, Lt. Tritt, Sgt. Bullzack, Sgt. Kootz, John Doe, Jane Doe, Bukowski, "RHU Supervisor," and "RHU Programs Supervisor" for subjecting him to an unsanitary cell for about a week.

- Eighth Amendment claims against defendants Miss Halper, Sgt. Tritt, Jonathan Pawlyk, CO Bikowski,[1] Sgt. Kootz, John Doe, and Jane Doe for allowing him to harm himself.

*See* Dkt. 7.

VanDera followed by filing two motions to amend his complaint, along with two proposed amended complaints that identified at least some of the "John Doe" defendants and also added new claims. *See* Dkt. 15; Dkt. 16; Dkt. 20; Dkt. 21. I would usually ignore the first amended complaint and proceed to examine the new allegations in the second amended complaint. But defendants oppose the second amended complaint, stating that VanDera filed it after the court's June 30, 2017 deadline to file an amended complaint identifying the Doe defendants. But this is incorrect. The June 30, 2017 deadline was VanDera's deadline to complete discovery requests aimed at identifying the Doe defendants; the court also gave VanDera until August 11, 2017 to file his amended complaint naming those defendants. Because VanDera's second amended complaint was filed before this deadline, and because I otherwise "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), I will consider VanDera's second amended complaint to be the operative pleading, and I will screen his new allegations and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages, just as I did with the original complaint. I will dismiss VanDera's earlier motion to amend the complaint as moot.

---

[1] In my previous order, I stated that defendants "Bikowski" and "Bukowski" might be the same person. Dkt. 7, at 4 n.4. Counsel for defendants states that both names refer to Robert Bikowski. VanDera's amended complaint names only Bikowski, so he appears to agree with defendants' assertion. I will remove "Bukowski" from the caption.

1. **Unsanitary conditions**

With regard to the unsanitary conditions of his cell, VanDera identifies the Doe supervisors who helped place him there as Paul Ludvingston and Toni Meli. So he may proceed on Eighth Amendment claims against these defendants. VanDera also filed a motion to dismiss defendants Joseph Beahm and Jeremy Brockman because he mistakenly identified them as officers who were involved in keeping him in the unsanitary cell. I will grant that motion and dismiss Beahm and Brockman.

VanDera states that newly added defendant Captain Radke wrote him a conduct report in retaliation for him attempting to collect and send out samples of the feces, blood, and dirt in his cell. To state a claim for retaliation under the First Amendment, a plaintiff must establish three elements: (1) he engaged in a constitutionally protected activity; (2) the defendant took a retaliatory action that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts make it plausible that the protected activity was a motivating factor for the retaliation. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009). VanDera may have difficulty proving that sending out potentially hazardous material is a constitutionally protected activity, but for now I will allow him to proceed on a retaliation claim against defendant Radke.

2. **Self-harm**

Part of VanDera's claims about defendants' failure to properly address his thoughts of self-harm focused on his treatment by on-call psychologist defendant Miss Halper, who denied his request to be placed in restraints to keep himself safe. VanDera has amended his complaint to include allegations that Halper had only a master's degree in psychology and was thus was unlicensed and unprepared to properly treat him. VanDera alleges that new defendants

Dr. Van Buren and Dr. Schmidt, who worked as mental health supervisors at WCI, knowingly allowed Halper to serve as the on-call psychologist despite these shortcomings, which in part led to his injuries. I will allow VanDera to proceed on Eighth Amendment claims against these officials for failing to provide him with properly trained medical staff.

I previously denied VanDera leave to proceed on claims against defendants Lieutenant Larson or Captain Haynes for failing to place him in restraints. I concluded that "neither Larson nor Haynes were deliberately indifferent by passing along a medical request up the chain to a medical professional; they were entitled to rely on Halper's decision." Dkt. 7, at 8. VanDera now contends that they should still be held liable because they "have a professional obligation to take charge when they witness an injustice or something that can be harmful to someone." Dkt. 21, at 4. In the usual case, I would disagree with VanDera for the same reason that I stated in the previous order: they reasonably referred restraint questions to the on-call psychologist. But because VanDera now says that Halper was not qualified to act as an on-call psychologist, his allegations now raise an inference that corrections staff knew that it would not be reasonable to defer to Halper's judgment. So I will allow VanDera to proceed on Eighth Amendment claims against Larson and Haynes.

VanDera has also amended his complaint to say that Larson and Haynes saw him hit his head against the walls of his cell repeatedly yet did nothing to stop him. I will allow VanDera to proceed on Eighth Amendment claims regarding these allegations as well. Similarly, I had allowed VanDera to proceed on Eighth Amendment claims against John and Jane Doe defendants who failed to intervene after they saw VanDera harm himself. VanDera has now identified two of those Doe defendants as Houston Marx and Cory Sabish.

### 3. Remaining Doe defendants

VanDera has now identified most of the defendants he previously described by job title or as John or Jane Doe. It appears that he still wishes to bring claims against additional Does who placed him in the unsanitary cell or who failed to intervene when he harmed himself. But he has had sufficient time to use discovery requests to name these officials, and he has failed to do so. I will dismiss the remaining Does from the case. Should VanDera later seek to amend his complaint to name new officials, he will have to show good cause for his failure to do so earlier.

## B. Motion for summary judgment

Defendants have filed a motion for partial summary judgment limited to VanDera's Eighth Amendment claim against defendant Halper for failing to put him in restraints.[2] VanDera alleges that he told defendant Sgt. Tritt that he needed to be placed in full security restraints because he felt like slamming his head against the wall, and that message was relayed through Larson and Haynes to Halper, but Halper denied his request.

Defendants submit proposed findings of fact stating that Halper placed VanDera in observation status after receiving word that he had thoughts of self-harm. Dkt. 47, ¶ 21. But Halper says that "to [her] recollection" she was not informed that he specifically threatened to hit his head against the wall or that he requested restraints. *Id.*, ¶ 22. She also says that she "would not have hesitated" to put him in restraints if he had made "specific threats of self-harm." *Id.*, ¶ 27.

---

[2] VanDera has filed a motion for leave to file a sur-reply to the summary judgment motion, along with a proposed brief and sur-replies to defendants' proposed findings of fact. Dkt. 57–59. I will deny that motion because sur-replies are generally disfavored by the court, and because those documents do not affect the court's decision on the summary judgment motion.

VanDera disputes this account by citing the institution complaint examiner's report following VanDera's grievance about the incident. In the report, the examiner states:

> The report of Sgt. Tritt mentions inmate VanDera's request to be placed in mechanical restraints because he stated he was going to "smash his head into the wall". Sgt. Tritt does also recall advising on-call PSU staff member Ms. Halper of PSU of inmate VanDera's statements.

Dkt. 53-1, at 1. So VanDera has evidence that Sgt. Tritt told Halper that VanDera made a specific threat of self-harm; Halper says, in essence, that she does not recall being told of any specific threats.

Defendants argue that the matter is not genuinely disputed because the examiner's report is inadmissible hearsay. I'm not convinced that the report is inadmissible, given the business-records exception to hearsay, *see* Federal Rule of Evidence 803(6). But even if the report is hearsay, VanDera might be able to adduce Sgt. Tritt's own report or his testimony, neither of which would be hearsay. VanDera is allowed to present evidence on summary judgment that might not be in the proper form, but that could be brought in the proper form at trial. Fed. R. Civ. P. 56(c)(2); *Olson v. Morgan*, 750 F.3d 708, 714 (7th Cir. 2014), *reh'g denied* ("We note that the Federal Rules of Civil Procedure allow parties to oppose summary judgment with materials that would be inadmissible at trial so long as *facts* therein could later be presented in an admissible form." (emphasis in original)). Defendants are free to file a more developed motion in limine later, but at this point I will not exclude the examiner's report as hearsay. Whether Sgt. Tritt told Halper about VanDera's specific threats of self-harm is genuinely disputed.

Defendants also contend that Halper's email to psychological services clinicians the next morning, which does not mention a request for restraints, is more reliable evidence than the

examiner's report dated weeks after the incident. But the relative credibility of the examiner's report versus Halper's email is not a point I can resolve at summary judgment. VanDera has set forth enough evidence for a reasonable juror to conclude that Halper was informed of VanDera's threat yet she chose not to place him in restraints.

Defendants argue that Halper is nevertheless entitled to summary judgment because the facts do not show that she acted with deliberate indifference, given that she chose to place him in observation for his safety. But I cannot conclude that she is entitled to summary judgment as a matter of law on the deliberate indifference issue. Placement in observation may have been a reasonable decision, but a reasonable jury could also conclude that Halper's decision not to place him in restraints exhibited deliberate indifference to his safety.

Defendants also contend that Halper is entitled to qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In deciding whether a right is "clearly established," courts ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). A plaintiff bears the burden of establishing that the constitutional right was clearly established. *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). Although the plaintiff need not point to a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Defendants say that there is no relevant precedent clearly establishing that Halper was required to place VanDera in restraints even though she already placed him in observation status. But this is too narrow a question. It is well-established that prison staff cannot act with

7

deliberate indifference to a substantial risk of a prisoner harming himself. VanDera need not locate a case discussing the exact factual scenario he faced. It is possible that defendants will show that placement in observation status was a reasonable safety decision based on the acts established at trial. But those facts are disputed. I cannot conclude now, on this record, that Halper did not violate VanDera's clearly established right to reasonable protection from self-harm.

C. Recruitment of counsel

VanDera has filed two motions asking the court to appoint him counsel. Dkt. 26 and Dkt. 34. I will consider them together. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

VanDera has submitted several letters from lawyers who have turned down his requests for representation. And although the court will give defendants a chance to file dispositive motions on VanDera's new claims discussed above, defendants have conceded that a trial will be necessary to resolve most of his claims. Given the complexity inherent in litigating these claims at trial, I conclude that it is appropriate to recruit counsel to represent VanDera.

Therefore, I will grant his motions and strike the remaining schedule. A new schedule will be set after counsel is located.

ORDER

IT IS ORDERED that:

1. Plaintiff's Justin W. VanDera first motion for leave to amend his complaint, Dkt. 15, is DENIED as moot.

2. Plaintiff's second motion for leave to amend his complaint, Dkt. 20, is GRANTED, and plaintiff's second amended complaint, Dkt. 21, is the operative pleading.

3. Plaintiff is GRANTED leave to proceed on the following claims:

   - Eighth Amendment claims against defendants Pawlyk, Lt. Tritt, Sgt. Bullzack, Sgt. Kootz, Bikowski, Paul Ludvingston, and Toni Meli for subjecting him to an unsanitary cell.

   - A First Amendment retaliation claim against defendant Captain Radke.

   - Eighth Amendment claims against defendants Dr. Van Buren, Dr. Schmidt, Lt. Larson, and Capt. Haynes for allowing Miss Halper to serve as the on-call psychologist and deferring to her treatment decisions.

   - Eighth Amendment claims against defendants Miss Halper, Sgt. Tritt, Pawlyk, Bikowski, Kootz, Larson, Haynes, Houston Marx, and Cory Sabish for allowing plaintiff to harm himself.

4. Plaintiff's motion to dismiss defendants Beahm and Brockman, Dkt. 42, is GRANTED.

5. Defendants Bukowski, Beahm, and Brockman are DISMISSED from the case.

6. The attorney general's office may have until September 18, 2018, to explain whether it accepts service on behalf of the newly added defendants and to file an amended answer.

7. Plaintiff's motions for recruitment of counsel, Dkt. 26 and Dkt. 34, are GRANTED. A new schedule will be set after counsel is located.

Entered August 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge